CLAY, Circuit Judge,
concurring.
The majority rejects Defendant’s Miranda argument because it finds that the question asked by the police officer, “What is in your pocket?” constituted a proper inquiry incident to an arrest, and did not constitute custodial interrogation for Miranda purposes. Although I agree with the majority’s reasoning, I believe that the court below could have upheld the lawfulness of the search based upon either the majority’s rationale, or because the officer’s inquiry was appropriate based upon the need to insure the officer’s safety.
“[Wjhen officers ask questions ‘necessary to secure their own safety or the *745 safety of the public’ as opposed to ‘questions designed solely to elicit testimonial evidence from a suspect,’ they do not need to provide the warnings required by Miranda.” United States v. Williams, 483 F.3d 425, 428 (6th Cir.2007) (quoting New York v. Quarles, 467 U.S. 649, 659, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984)). This Court and seven of our sister circuits have already found that similar questions, in anticipation of a pat down, are permissible under the public-safety exception where the officer has a reasonable belief that there may be a weapon on the defendant’s person. See United States v. Reyes, 353 F.3d 148, 152-53 (2d Cir.2003) (collecting cases); see also, e.g., United States v. Mohammed, No. 10-4145, 501 Fed.Appx. 431, 443-44, 2012 WL 4465626, at *12 (6th Cir. Sept. 28, 2012) (unpublished) (applying exception where the handcuffed defendant was asked whether he had any weapons, drugs, or sharp objects on him); United States v. Lackey, 334 F.3d 1224, 1227-28 (10th Cir.2003) (applying exception where the handcuffed defendant was asked, “Do you have any guns or sharp objects on you?”). Similarly, the officer’s question in this case was proper because the question is excepted from Miranda’s requirements due to public safety concerns. See Quarles, 467 U.S. at 659, 104 S.Ct. 2626.
Both the non-coercive nature of the question asked, incident to the arrest, and the need for officer safety, support the conclusion that suppression based on Miranda was not warranted in this case.